UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRITTANY AUBUCHON and )
LISA AUBUCHON, )
)
    Plaintiffs, )
)
  v. ) No. 4:15-CV-1831 CAS
)
SMITHKLINE BEECHAM CORPORATION )
d/b/a GlaxoSmithKline, and )
GLAXOSMITHKLINE LLC, )
)
    Defendants. )
)

**ORDER OF TRANSFER**

Plaintiffs Lisa Aubuchon and Brittany Aubuchon are mother and daughter. Lisa Aubuchon alleges that she took defendant GlaxoSmithKline LLC's prescription drug Paxil while she was pregnant with Brittany. Lisa Aubuchon claims that as a result of her taking the drug, plaintiff Brittany was born with birth defects. Plaintiffs reside in the Eastern District of Michigan. Lisa Aubuchon received her prescription for Paxil, ingested the product, and gave birth to Brittany in Dearborn Heights, Michigan.

Defendant GlaxoSmithKline LLC removed this action to this Court from state court. GlaxoSmithKline LLC is incorporated in Delaware, Maryland and maintains large corporate/administrative headquarters in Pennsylvania and North Carolina. GlaxoSmithKline LLC has filed a motion to dismiss this case for lack of personal jurisdiction under Rule 12(b)(2), Federal Rules of Civil Procedure or, in the alternative, moves to transfer plaintiffs' claims to the proper venue in the Eastern District of Michigan under 28 U.S.C. § 1404(a). Plaintiffs oppose the motion to dismiss but state that if the Court is inclined to reject their "consent to jurisdiction" argument, they

request that defendant's alternative motion to transfer venue be granted rather than this action be dismissed, as transfer "would serve all parties' interests."  Pls.' Opp. at 7.

None of the claims in this case are related to any activities of defendants in Missouri.  Based on the facts asserted in the Petition, the Court concludes it lacks personal jurisdiction over GlaxoSmithKline LLC.  See Daimler AG v. Bauman, 134 S. Ct. 746, 760 (2014).  The Court rejects plaintiffs' consent to jurisdiction argument, which is based on defendant's actions of registering to do business in Missouri and appointing an agent for service of process here as required by state law.  See Keeley v. Pfizer Inc., 2015 WL 3999488, at *4 (E.D. Mo. July 1, 2015); Neeley v. Wyeth LLC, 2015 WL 1456984, at *3 (E.D. Mo. Mar. 30, 2015).  The Court finds, however, that justice would best be served by transferring this case rather than dismissing it.

The threshold inquiry in ruling on a motion under § 1404(a) is whether a case "might have been brought" in the proposed transferee district.  See Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  Then, in determining whether to transfer the action, a court must consider the three general categories of factors stated in § 1404(a), which states:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. § 1404(a).  Thus, the statutory language invokes three general categories of factors that courts must consider when deciding a motion to transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice.  Id.; see Terra Intern., Inc. v. Mississippi Chemical Corp., 119 F.3d 688, 691 (8th Cir.1997).

Under 28 U.S.C. § 1391(b), a civil action may be brought in (1) a judicial district where any defendant resides, if all of the defendants reside in the same State; (2) a judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no

2

district in which an action may otherwise be brought as provided in § 1391(b), a judicial district in which the defendant is subject to personal jurisdiction with respect to the cause of action. In the present case, venue is proper under § 1391(b)(2) in the United States District Court for the Eastern District of Michigan.

Here, the relevant factors of § 1404(a) support transfer to the Eastern District of Michigan. The plaintiffs live in Michigan. Lisa Aubuchon was prescribed the Paxil in Michigan, ingested it in Michigan, and gave birth to Brittany in Michigan. Relevant witnesses, including Lisa and Brittany's physicians, are located in Michigan, as are relevant sources of proof such as records, documents and other evidence. Michigan law is likely to apply to plaintiffs' claims, and transferring the case to Michigan would avoid conflicts of laws issues and allow a Michigan federal court to decide issues of Michigan law. Therefore, the convenience of the parties and the witnesses, as well as the interests of justice, favors transfer to Michigan.

Accordingly,

**IT IS HEREBY ORDERED** that defendant GlaxoSmithKline LLC's motion to dismiss for lack of personal jurisdiction is **DENIED**, and its alternative motion to transfer venue pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Eastern District of Michigan under 28 U.S.C. § 1404(a).

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this  9th  day of February, 2016.